2016 UT App 86

## THE UTAH COURT OF APPEALS

DARRELL WAYNE STUART,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150103-CA
Filed April 28, 2016

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 130413600

Darrell Stuart, Appellant Pro Se

Sean D. Reyes and Erin Riley, Attorneys for Appellee

Before JUDGES STEPHEN L. ROTH, MICHELE M. CHRISTIANSEN, and
KATE A. TOOMEY.

PER CURIAM:

¶1    Darrell Wayne Stuart appeals the dismissal of his petition for factual innocence. We review the district court's summary adjudication of a factual innocence petition under a de novo standard. *Gressman v. State*, 2013 UT 63, ¶ 6, 323 P.3d 998.

¶2    Utah Code section 78B-9-402(1) allows a person convicted of a felony to petition the district court "for a hearing to establish that the person is factually innocent of the crime or crimes of which the person was convicted." Utah Code Ann. § 78B-9-402(1) (LexisNexis Supp. 2015). The petition shall assert factual innocence under oath and "aver, with supporting affidavits or other credible documents that . . . newly discovered material evidence exists that, if credible, establishes that the petitioner is factually innocent." *Id*. § 78B-9-402(2)(a). In so doing, the person

must allege that he did not engage in either the conduct forming the basis of the conviction or "conduct relating to any lesser included offenses of the crime for which the person was convicted." *Id*. § 78B-9-401.5(2). "Newly discovered material evidence," in turn, is defined as "evidence that was not available to the petitioner at trial . . . and which is relevant to the determination of the issue of factual innocence." *Id.* § 78B-9-401.5(3). Further, "[i]f it is apparent to the court that the petitioner is either merely relitigating facts, issues, or evidence presented in previous proceedings or presenting issues that appear frivolous or speculative on their face, the court shall dismiss the petition." *Id.* § 78B-9-402(9)(b).

¶3     The district court determined that Stuart was relitigating facts, issues, or evidence presented in previous proceedings and that the evidence presented was not "newly discovered material evidence." Specifically, Stuart argued that his then-wife had fabricated the charges against him and coerced their children to make false accusations against him so she could take control of a recent inheritance and more easily divorce Stuart. However, Stuart began making this same claim even before he was sentenced. During the course of a diagnostic evaluation with the Department of Corrections, he made the exact same claim. Further, Stuart also claimed in an earlier post-conviction petition that his counsel provided ineffective assistance because counsel had failed to investigate claims that his ex-wife had fabricated the charges against him. Here, it is clear that Stuart was simply trying to relitigate the same claims/issues that had already been addressed in prior proceedings. Further, such facts were not newly discovered, as Stuart has not alleged any new facts since his conviction.

¶4     Affirmed.

————————